Vincent P. McCRUDDEN, Managed
Accounts Asset Management
LLC, Petitioners,

v.

COMMODITY FUTURES TRADING
COMMISSION, Respondent.

No. 07–0147–ag.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2008.

Barry J. Pollack, Kelley Drye Collier Shannon, Washington, DC, for Petitioners.

Gloria P. Clement, Assistant General Counsel, Terry S. Arbit, Acting General Counsel, Bradford M. Berry, Deputy General Counsel, Commodity Futures Trading Commission, Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Vincent P. McCrudden, on behalf of himself and Managed Accounts Asset Management, seeks review of an order of the CFTC denying their applications for registration. *McCrudden v. National Futures Ass'n,* No. 05–02, 2006 WL 3848094

(CFTC Dec. 28, 2006), *aff'g* No. 05–REG–001 (Nat'l Futures Ass'n June 10, 2005), http://www.nfa.futures.org/basicnet/Case Document.aspx?seqnum=259. We assume the parties' and counsel's familiarity with the facts and procedural history of the case.

The petitioners argue that the evidence does not support the CFTC's conclusion that McCrudden is subject to disqualification from registration pursuant to 7 U.S.C. § 12a(3)(M), permitting disqualification for "other good cause." The CFTC has interpreted "other good cause" to include a person's "potential disregard of or inability to comply with the requirements of the [Commodity Exchange] Act or the rules, regulations or order thereunder, or such person's moral turpitude, or lack of honesty or financial responsibility . . . ." 17 C.F.R. Part 3, Appx. A, 49 Fed. Reg. 8208 (March 5, 1984).

The petitioners also argue that even if disqualified pursuant to section 12a(3)(M), McCrudden had established that his registration would not pose a substantial risk to the public. *See* 17 C.F.R. § 3.60(e)(2).

We accept findings of the CFTC "as to the facts, if supported by the weight of evidence . . . ." 7 U.S.C. § 9; *see also Haltmier v. CFTC*, 554 F.2d 556, 560 (2d Cir. 1977).

■ Upon review of the record and arguments presented, we conclude that the CFTC's conclusion that conduct attributable to McCrudden demonstrates dishonesty, and a disregard of or inability to comply with Commodity Exchange Act requirements is supported by the weight of the evidence, including evidence that McCrudden failed to report trading losses to his investors and improperly included among assets reported in account statements the value of an estimated litigation award adjusted month-to-month so that trading losses were concealed.

■ The CFTC's determination that McCrudden has failed to demonstrate that his registration would not pose a substantial risk to the public is also supported by the weight of the evidence. Supporting this conclusion are the CFTC's findings that no evidence mitigated McCrudden's original conduct, that McCrudden has not accepted responsibility for his wrongdoing, that the passage of time alone did not demonstrate rehabilitation, and that letters attesting to McCrudden's good character were insufficient to outweigh his earlier misconduct or to establish his asserted rehabilitation.

For the foregoing reasons, the order of the CFTC is hereby AFFIRMED.